UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
EUGENE YOO,                                           :
                                                      :
                           Plaintiff,                 :
                                                      :       No. 12 Civ. 8108 (VSB)
              -v-                                     :
                                                      :       MEMORANDUM & ORDER
ACTIMIZE, INC.,                                       :
                                                      :
                           Defendant.                 :
                                                      :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/2014

VERNON S. BRODERICK, United States District Judge:

Plaintiff Eugene Yoo filed a complaint alleging, among other things, that he was discriminated against because of his disability, including the alleged failure of his employer to provide reasonable accommodation.  (Doc. No. 1.)  He now challenges a ruling by United States Magistrate Judge Frank Maas granting in part and denying in part his requests for certain documents concerning requests for reasonable accommodation made by other employees of defendant Actimize, Inc.  (Doc. No. 20 (the "Order").)  Because the Order of Magistrate Judge Maas is neither clearly erroneous nor contrary to law, it is AFFIRMED.

I.      Legal Standard

A magistrate judge's discovery orders are typically non-dispositive.  *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  A district court must affirm such an order unless it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A magistrate's ruling is contrary to law if it fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed."  *Thai Lao Lignite*

*(Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations and internal quotation marks omitted).  This standard of review is "highly deferential," *see id.* at 511, and "magistrates are afforded broad discretion in resolving discovery disputes," *see MASTR Adjustable Rate Mortgages Trust 2006-OA2 v. UBS Real Estate Secs. Inc.*, No. 12 Civ. 7322, 2013 WL 6840282, at * 1 (S.D.N.Y. Dec. 27, 2013).

**II.     Discussion**

Plaintiff was an employee of defendant from 2004 until 2011 and alleges that he was denied a reasonable accommodation for a mental disability.  Plaintiff sought discovery concerning the defendant's handling of reasonable accommodation requests made by other employees.  Defendant refused to provide any such documents.  The dispute was submitted to Magistrate Judge Maas, who ordered the defendant to produce documents concerning reasonable accommodation requests made by other employees (1) for mental health (but not physical) disabilities, (2) for only the groups in which plaintiff worked, and (3) limited to the years 2010 and 2011.  Magistrate Judge Maas also ordered the defendant to produce all requests for telecommuting.  Plaintiff objects to Magistrate Judge Maas's order to the extent that it limits discovery only as to mental health disabilities and only for a two-year period.  (Doc. No. 25.)

Although plaintiff correctly notes that courts generally apply more liberal discovery rules in employment discrimination cases, *see Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 562 (S.D.N.Y. 2013), and that comparator evidence is important to making out a claim of discrimination, *see, e.g.*, *E.E.O.C. v. Bloomberg L.P.*, No. 07 Civ. 8383, 2013 WL 4799161, at *28 (S.D.N.Y. Sept. 9, 2013), he has not met his "heavy burden" of showing that Magistrate Judge Maas abused his discretion so that reversal is warranted, *see Schaffer v. CC Investments, LDC*, 205 F.R.D. 158, 159 (S.D.N.Y. 2002).  The cases cited by plaintiff do not support a

determination that the Order was contrary to law or clearly erroneous.  Indeed, this is not a case where plaintiff has been denied all access to comparator discovery.  *Cf. Chan v. NYU Downtown Hosp.*, No. 03 Civ. 3003, 2004 WL 1886009, at *2, *4-*6 (S.D.N.Y. Aug. 23, 2004) (sustaining objections to magistrate judge's ruling that "effectively denied plaintiff's request for documents relating to other employees' complaints about sexual harassment and defendants' response thereto").  Instead, by granting plaintiff access to documents concerning reasonable accommodation requests for mental health disabilities, the Order provides plaintiff relevant comparator discovery with which to make his case.  *See In re W. Dist. Xerox Litig.*, 140 F.R.D. 264, 271 (W.D.N.Y. 1991) (refusing to compel company-wide discovery where plaintiffs had received "ample" discovery regarding similarly situated employees to develop their claims).

Similarly, plaintiff has not established that the temporal limitation imposed by Magistrate Judge Maas was clearly erroneous or contrary to law.  It is not disputed that the time period covered by the Order—the years 2010 and 2011—includes the time frame within which the plaintiff is alleged to have made his reasonable accommodation request.  Such a temporal limitation is not clearly erroneous, but a function of Magistrate Judge Maas exercising his discretion and putting reasonable limitations on the scope of discovery.  *See Pfau v. Coopers & Lybrand*, 776 F. Supp. 744, 754-55 (S.D.N.Y. 1990) (upholding magistrate judge's order limiting comparator discovery based on geography, expertise, and time); *cf. Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 584 n.1, 585 (D. Kan. 1999) (compelling discovery regarding similarly situated employees, after plaintiff agreed to limit request from all defendant's employees to just three).

The Order is therefore not clearly erroneous or contrary to law.

### III. Conclusion

For the foregoing reasons, Magistrate Judge Maas's Order is AFFIRMED.

### IV. Summary Judgment Briefing

Pursuant to the discussion at the February 7, 2014 conference in this case, the parties are directed to file on ECF within three days of this order a joint proposed briefing schedule for defendant's anticipated motion for summary judgment.

SO ORDERED.

Dated:   March 19, 2014
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge